USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/3/2024_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC.<br><br>Plaintiff,<br><br>- against -<br><br>STAR TRUCK TRANSPORT INC., AND BOBAN LJUBOVSKI, individually<br><br>Defendants. | Case No.: 1:24-cv-05329-ALC<br><br>**CIVIL ACTION**<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court upon the filing by plaintiff, Commercial Credit Group Inc. ("CCG") on July 16, 2024 of a Complaint and proposed Order to Show Cause followed on July 17, 2024 by the filing of a Rule 7.1 Corporate Disclosure, Civil Cover Sheet, Declaration of John Evoy, and Memorandum of Law (collectively the "Action") seeking, among other things, the issuance of an Order of Seizure in favor of CCG and against defendants, Star Truck Transport, Inc. and Boban Ljubovski (collectively the "Defendants");

WHEREAS, pursuant to the Action, CCG sought entry of an Order awarding to CCG an Order of Seizure allowing CCG to immediately take possession of the following collateral: one (1) 2018 Freightliner Cascadia 126 Sleeper Tractor s/n 3AKJHHDR0JSJH8696 (the "2018 Freightliner"); one (1) 2022 Great Dane Champion Van Trailer s/n 1GR1A0621NK405506 (the "Champion Trailer");; one (1) 2019 Freightliner PT126 Sleeper Tractor s/n 3AKJHHDR8KSKE4235 (the "2019 Freightliner"); and one (1) 2019 Great Dane 53' Dry Van Trailer s/n 1GRAP0626KK156615 (the "Great Dane Trailer") (collectively the "CCG Collateral") and

WHEREAS, CCG having also moved for the issuance of an Order granting a Temporary Restraining Order prohibiting the Defendants, and their officers, agents, employees, attorneys, and anyone acting in active concert or participation with them, from selling, transferring, pledging, assigning, encumbering, or otherwise disposing of the CCG Collateral, or any rights therein, or

transporting or removing the CCG Collateral from the locations at which it is currently situated within the State of New York outside the ordinary course of business; and

WHEREAS, the Court entered an Order to Show Cause on July 29, 2024, which was duly served on the Defendants, Star Truck Transport, Inc. and Boban Ljubovski;

WHEREAS, the Defendants Star Truck Transport, Inc. and Boban Ljubovski failed to serve and file any answering affidavits or memoranda in response to the Action;

WHEREAS, the aggregate value of the CCG Collateral is approximately $142,000.00 and CCG shall post an undertaking in the amount of $280,000.00, two times the aggregate value of the CCG Collateral as a condition of issuing this Order; and it is hereby

ORDERED, that:

1.      CCG's application for seizure is granted.

2.      Pursuant to N.Y. UCC ¶ 9-607 *et seq.* and CPLR § 7102, CCG is hereby permitted to take possession of one (1) 2018 Freightliner Cascadia 126 Sleeper Tractor s/n 3AKJHHDR0JSJH8696 (the "2018 Freightliner"); one (1) 2022 Great Dane Champion Van Trailer s/n 1GR1A0621NK405506 (the "Champion Trailer");; one (1) 2019 Freightliner PT126 Sleeper Tractor s/n 3AKJHHDR8KSKE4235 (the "2019 Freightliner"); and one (1) 2019 Great Dane 53' Dry Van Trailer s/n 1GRAP0626KK156615 (the "Great Dane Trailer") (collectively the "CCG Collateral") with the right to monetize, collect, liquidate and/or sell the CCG Collateral to satisfy the Obligations of Defendants to CCG under the Notes.

3.      Judgment is entered in favor of CCG and against Defendants, jointly and severally, (i) enjoining Defendants from any further use of the CCG Collateral and from preventing CCG and its agents from accessing and taking possession of the CCG Collateral, (ii) awarding to CCG the immediate possession of the CCG Collateral, and (iii) permitting CCG to dispose of same and

apply the proceeds thereof to the obligations and liabilities of Defendants in accordance with applicable law and the Notes.

4.      CCG is authorized and permitted to enter the premises of Defendants, render the CCG Collateral usable and dispose of the CCG Collateral in place.

5.      This Order for Seizure is conditioned upon CCG posting an undertaking with the U.S. District Court Clerk in the amount of $280,000.00.

6.      In the event that any of the CCG Collateral is not voluntarily made available and turned over by Defendants, the Marshall is hereby authorized to take possession of the CCG Collateral at any location at which it is found and is further authorized to break open, enter, search for and seize the CCG Collateral, at any location maintained by Defendants Star Truck Transport, Inc. and/or Boban Ljubovski in the State of New York including 3239 Barker Ave., Apt 2G, Bronx, NY  10467.

7.      The Marshall shall retain the property for ten (10) days after seizure pursuant to CPLR § 7102(f), at the expiration of which time the Marshall shall deliver the CCG Collateral to CCG if CCG has not been served with a notice of exception to surety, a notice of motion for an impounding or returning order, or the necessary papers to reclaim the CCG Collateral.

8.      To the extent that any additional specific collateral is hereafter identified by CCG, CCG may apply to the Court for Writs of Replevin identifying the additional specific collateral which CCG wishes to seize and permitting the Marshall to break open, enter, search for, seize and otherwise levy upon such collateral.

9.      Pursuant to N.Y. CPLR §§ 6301 and 6311, Defendants Star Truck Transport, Inc. and Boban Ljubovski, their officers, agents, servants, employees and any other persons acting in concert with or in participation with any of them, including any third parties in possession of the CCG Collateral or any proceeds thereof, be and they hereby are, stayed from transferring, selling,

concealing, pledging or otherwise disposing of, or substantially impairing the value of any and all of the CCG Collateral.

10.     CCG is entitled to all costs and expenses incurred by CCG in the enforcement of its security interests in the CCG Collateral and in connection with its motion to recover possession of the CCG Collateral, including but not limited to attorney's fees and costs.

11.     This Court shall retain jurisdiction for purposes of enforcing this order, including for purposes of issuance of such additional orders and writs as may be necessary to effectuate the terms of this Order.

Dated: October 3, 2024

_____
United States District Judge